AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
for the
Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**Youngshin NAM a/k/a Yejin NAM**<br><br>*Defendant* | Case No. 25-mj- 56 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 4, 2025, in the County of Niagara, in the Western District of New York, the defendant, Yougshin NAM a/k/a Yejin NAM, an alien, not a citizen or national of the United States, who previously had been deported or removed from the United States on or about September 10, 2024, attempted to enter the United States of America, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States, and did knowingly and willfully falsify, conceal, or cover up by trick, scheme, or device a material fact to officers of the United States Department of Homeland Security, Customs and Border Protection, in a matter under their jurisdiction.

**All in violation of Title 8, United States Code, Section 1326(a) and 18, United States Code, Section 1001(a)(l).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*
DANIEL A. WHITTEN
ENFORCEMENT OFFICER
U.S. CUSTOMS AND BORDER PROTECTION
*Printed name and title*

Sworn to before me and signed telephonically.

Date: _May 5, 2025_

*Judge's signature*

City and State: _Buffalo, New York_

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK	)
COUNTY OF NIAGARA	)	SS:
CITY OF NIAGARA FALLS	)

Daniel A. Whitten, being duly sworn, deposes and states:

1.	I am an Enforcement Officer with United States Customs and Border Protection ("CBP"), within the Department of Homeland Security ("DHS"), and have been so employed for the past 16 years. Prior to that, I was employed by the same Agency, in a similar capacity, for 5 years. In such capacity, my duties include investigating individuals suspected of violating federal immigration laws and other related federal statutes and crimes.

2.	As part of my current duties, I have become involved in an investigation of suspected violations of Title 8, United States Code, Section 1326(a) and Title 18 United States Code, Section 1001(a)(1).

3.	I make this affidavit in support of the annexed criminal complaint charging Youngshin NAM, also known as Yejin NAM, an alien, and not a citizen of the United States, born in 1983 in South Korea, the defendant, with attempting to enter the United States after having been previously deported from the United States, without first applying to the Attorney General, or his successor, the Secretary for the United States Department of

Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a), and with knowingly and willfully falsifying, concealing, or covering up by any trick, scheme or device a material fact to officers of the United States Department of Homeland Security, Customs and Border Protection, in a matter under their jurisdiction, in violation of Title 18 United States Code, Sections 1001(a)(1).

4. The Department of Homeland Security is an agency within the executive branch of the Government of the United States, and is the agency responsible for making the determination to admit an applicant to the United States. Information concerning an applicant's true identity, immigration status, criminal history, and prior immigration history, such as prior removals, visa refusals, and entries, are matters material to making an admissibility determination.

5. The statements contained in this affidavit are based upon my personal knowledge and upon information provided to me by other U.S. Customs and Border Protection Officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Youngshin NAM did knowingly violate title 8, United States Code, Section 1326(a), and Title 18, United States Code, Sections 1001(a)(1).

## PROBABLE CAUSE

6. On May 4, 2025, at approximately 12:30 p.m., at the Rainbow Bridge port of

entry in Niagara Falls, New York, in the Western District of New York, CBP Officer J. Smith was conducting primary inspections when a taxi bearing Province of Ontario registration entered his lane for inspection. The vehicle contained two occupants including the defendant. The defendant, presented, as proof of identity, a South Korean passport number M232D1417 containing the name **Yejin NAM**. Officer Smith, as part of normal processing procedure, referred the defendant to secondary for further inspection.

7. South Korea is a member country of the Visa Waiver Program. The Visa Waiver (VWP) enables most citizens or nationals of participating countries to travel to the United States for tourism or business for stays of 90 days or less without obtaining a visa. Travelers must have a valid Electronic System For Travel Authorization (ESTA) approval prior to travel. **Yejin NAM** (a/k/a **Youngshin NAM**) completed an ESTA application and answered "NO" to questions concerning her using any other names or aliases, in that defendant denied ever using any other names or aliases, and also answered "NO" to her having been previously refused admission to the United States, in that she denied ever having been previously refused admission.

8. CBP Officer D. Drankin commenced the secondary inspection. Officer Drankin reported that the defendant would not initially comply with routine electronic fingerprinting, a part of the process for admitting Visa Waiver Program applicants. Subsequently the defendant agreed to submit her fingerprints and Officer Drankin entered the defendant's fingerprints into the Integrated Automated Fingerprint Identification System (IAFIS). The fingerprint query resulted in a positive response revealing that the defendant

was issued an FBI number and an immigration fingerprint identification number (FIN) all in the name "Youngshin NAM." The FBI number was issued as a result of the defendant being arrested by U.S. Border Patrol agents in Texas in July 2024. The FBI and immigration fingerprint identification numbers both referenced alien file number A244 471 XXX. Prior to that encounter, the defendant attempted entry by plane at an airport in Las Vegas, Nevada, and was refused admission to the United States on April 3, 2024. Defendant was sent back to South Korea without gaining entry to the United States and advised that she was no longer eligible to travel under the Visa Waiver Program.

9. Immigration electronic database record checks using the defendant's alien number and immigration fingerprint identification number revealed the defendant was physically deported from the United States to South Korea on September 10, 2024.

10. On May 4, 2025, CBP Enforcement Officer W. Schoenrock advised the defendant of her Miranda Rights using the CBP Mobile Translation Application to translate the English and South Korean languages. The defendant acknowledged that she understood her Miranda rights, signed the Miranda Warning form, and agreed to waive her rights and give a statement. In a written statement, the defendant admitted that she was refused entry to the United States in April 2024, that she was arrested by the Border Patrol and was expeditiously removed from the United States in July 2024, that after her deportation to South Korea she changed her first name from Youngshin to Yejin and obtained a new South Korean passport. The defendant also admitted that she changed her name from Youngshin to Yejin to gain entry to the United States. The defendant further

admitted that she never applied for or received permission from the Secretary of Homeland Security to reenter the United States.

11. Your affiant received, electronically, from the National Records Center, documents from the defendant's alien file. A review of the documents included form I-860 (Notice of Expedited Removal) and form I-296 (Verification of Removal / Deportation). Form I-296 contained the defendant's photograph, right index fingerprint, and signature, and verified her deportation to South Korea on September 10, 2024. Form I-296 contained the defendant's signature and a warning that the defendant is prohibited from entering, attempting to enter or being found in the United States for a period of five years.

12. Record checks failed to find any record that the defendant had applied for or received the requisite permission to return to the United States from the Attorney General or the Secretary of the Department of Homeland Security.

WHEREFORE, I respectfully submit the foregoing facts to establish probable cause to believe that on May 4, 2025, Youngshin NAM a/k/a Yejin NAM attempted to reenter the United States after having been previously deported and removed from the United States, without first applying to Attorney General, or his successor, the Secretary for the United States Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a), and with knowingly and willfully falsifying, concealing, or covering up by any trick, scheme or device, a material fact, to United States Customs and Border Protection Officers, in a matter under

their jurisdiction, in violation of Title 18 United States Code, Sections I00I(a)(l). I further request that a Criminal Complaint in the form annexed be issued.

_____
DANIEL A. WHITTEN
Enforcement Officer


Sworn to and sworn telephonically before me
this 5th day of May, 2025

*H. Kenneth Schroeder, Jr.*
_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge